THE FARRISH COMPANY, Plaintiff, *v.* THE HARRIS COMPANY, Defendant.

City Court of the City of New York, February. (Received March, 1924).

Sales — damages for buyer's refusal to accept merchandise — when common-law remedies of seller unchanged by Personal Property Law, section 144 — measure of damages — when seller may dispose of goods at public or private sale — when charge of court deemed proper — when motion to set verdict aside denied.

The common-law remedies of a seller of personal property against the buyer were not changed by statute (Pers. Prop. Law, § 144) save that an action for the price may not now be maintained unless it be shown that the goods cannot readily be resold at a reasonable price.

Where an action is brought, not for the purchase price, but for damages for refusal to accept, the measure of recovery is fixed by section 145 of the Personal Property Law, which is declaratory of the common law, as the estimated loss directly and naturally resulting in the ordinary course of events from the buyer's breach of his contract.

Where there is no current market price and the goods are not of such character as to render them useless for any purpose other than the buyer's, the seller may dispose of them, either at public or private sale, at such price as can be obtained.

Such sale being for the purpose of ascertaining the damages sustained by the seller, must be fairly and honestly made, and while it may be without notice to the buyer, failure to give such notice is relevant upon the question whether the sale was reasonable or not.

A quantity of cotton scrim which plaintiff, a commission house, had purchased at a net cost to it of twenty-four cents per yard was sold to defendant at twenty-five cents per yard, but on the day fixed for delivery defendant refused to accept the goods. In an action to recover damages for breach of contract the evidence showed that at the time of defendant's refusal to accept there was no open market for the rejected merchandise; that plaintiff thereafter endeavored to find a buyer for it and ultimately, several months afterwards, obtained an offer of nineteen cents a yard, which he did not accept, but later sold the merchandise for seventeen cents per yard. The court, by an instruction to the jury that if they found that plaintiff had made *bona fide* efforts to sell the goods, limited the damages to the difference between the selling price to defendant and the amount of the first offer for the reason that defendant could not be charged with plaintiff's mistake in not selling the goods to the best advantage and for the further reason that the amount claimed by plaintiff limited it to the lesser sum. *Held,* that a motion to set aside a verdict in favor of plaintiff, rendered upon the basis of the charge to the jury, will be denied.

MOTION to set aside verdict.

*J. Nathan Helfat,* for plaintiff.

*Alexander S. Marcuson,* for defendant.

CALLAHAN, J. Plaintiff brought this action to recover damages alleged to have been sustained by reason of defendant's refusal to accept merchandise sold to it by plaintiff. The goods in question were cotton scrim. Plaintiff was a commission house. The merchandise was sold at twenty-five cents per yard, and had been purchased by plaintiff at a net cost to it of twenty-four cents per yard. The date fixed for delivery was May twenty-ninth. The evidence showed that at the time of defendant's refusal to accept there was no market for the merchandise; that plaintiff made reasonable efforts to sell the same without avail; that in August an offer of nineteen cents per yard was received, which was refused, and that subsequently, in October, the merchandise was sold at seventeen cents. The jury were instructed that in the event they found plaintiff had made *bona fide* efforts to sell the goods, but that there was no market for same and that the best offer obtainable was the one of nineteen cents, the amount to be awarded

plaintiff would be the difference between such offer and twenty-five cents per yard, the selling price to defendant. A verdict on this basis was rendered. Defendant moves to set the verdict aside, contending that the complaint by merely alleging the breach and setting up the alleged sum of consequent damage is insufficient because of failure to state the theory upon which the damages are claimed, and on the further ground that, as there was no market at the time set for delivery, the sole measure of damages to be applied is the difference between the contract price and the cost of manufacturing the goods. A sufficient answer to the first contention is the language of the Court of Appeals in *Winter* v. *American Aniline Products, Inc.*, 236 N. Y. 199, where it is said (p. 204): " The rule is well settled that where a complaint, as does the complaint here, alleges that a party to a contract has been guilty of a breach of the same, causing damages to the complaining party, there is no requirement of law that the measure of damages alleged to have been sustained shall be stated in the complaint. The complaint here stated facts from which damages can properly be inferred and it is sufficient without specifically enumerating the items of damages or the rules of law controlling in the measure of damages." See, also, *Robison & Co.* v. *Kram*, 195 App. Div. 873. As to the measure of damages: Under the common law a vendor of personal property in a suit against the vendee for not taking and paying for the same had the choice of one of three remedies to indemnify himself: (1) He could store or retain the property for the vendee and sue him for the entire purchase price; (2) he could sell the property, acting as the agent of the vendee for this purpose, and recover the difference between the contract price and the price obtained on such resale; or (3) he could keep the property as his own and recover the difference between the market price at the time and place of delivery and the contract price. *Pollen* v. *LeRoy*, 30 N. Y. 549; *Dunstan* v. *McAndrew*, 44 id. 72. These remedies have not been changed by the statute save that an action for the price may not now be maintained unless it be shown that the goods cannot readily be resold at a reasonable price. Pers. Prop. Law, § 144. Where the action is for damages and not for the price the measure of such damage is fixed by section 145, which is declaratory of the common law, as the estimated loss directly and naturally resulting in the ordinary course of events from the buyer's breach of his contract. Where there is an available market it is specifically provided that the measure of damage shall be the difference between the contract and market price when the goods ought to have been accepted. The purpose of the law is to put the seller in the same position as he would be had the buyer performed; to give the seller the value

of his contract. Thus, if the contract is one for the manufacture of merchandise and is broken by the vendee before the same has been manufactured, the measure of damage is the difference between the cost of manufacture and the contract price. *Todd* v. *Gamble,* 148 N. Y. 382. Likewise, if the vendor has to buy, instead of manufacture, the same rule prevails, *i. e.,* the measure is the difference between what the merchandise would cost him and the contract price. *Roehm* v. *Horst,* 178 U. S. 1. But where the goods have already been manufactured or purchased it is manifest the vendor's damages cannot be measured by this rule, the effect of which would be to require the defaulting vendee to pay only the difference between the cost and contract price and compel the innocent vendor, irrespective of the value of the merchandise to him, *to* keep the same as his own or to dispose of it at whatever price it would bring. In such case the rule is that if there is an available market or current price for the merchandise the difference between the contract and market price at the time and place of delivery is the statutory measure. And there need be no resale of the merchandise by the vendor in order to fix the amount of his damage. Where, however, there is no available market or current price the seller may show such fact, in which event, if the goods have no sales or pecuniary value to the seller, his damages would be the full contract price. This rule is generally applicable where goods are manufactured for a special purpose and have a limited use, as a consequence of which they are neither salable nor of pecuniary value to the seller. Where there is no current market price and the goods are not of such character as to render them useless for any purpose other than the buyer's, the seller may dispose of them, either at public or private sale, at such price as can be procured. Such sale must be fairly and honestly made and with no attempt to take advantage of the vendee. Notice is not necessary, but where a sale is made without notice the failure to give same shall be relevant on the question of whether the sale was reasonable or not. Pers. Prop. Law, § 141; *Moore* v. *Potter,* 155 N. Y. 481; *Pollen* v. *LeRoy, supra; Dunstan* v. *McAndrew, supra.* In such case the sale is for the purpose of ascertaining the damages sustained. The term "market value" is somewhat elastic and has been differently defined. It is evident that where there is a definite price established by public sale in the ordinary course of business, or where the price of property has been established by being the subject of purchase and sale to so great an extent and in so many instances as to be fixed, there is no necessity for resale to establish the damage. But where the property has a limited use and is not subject to frequent purchase and sale, and there is no current market price, the seller

can only estimate or ascertain his damage by seeking out a purchaser, either by public or private sale. In such case it is clear that very often a sale cannot be made immediately; that the price realized may be dependent upon the procuring of a purchaser willing to buy and not on intrinsic value or general demand. Nevertheless, such sale, if fairly conducted and within a reasonable time, both of which elements are questions of fact for jury determination, is evidence of the price at which the goods can be replaced for money in the market and forms a basis for estimating the damage sustained by the vendee's breach, or, as often termed, the market value. The evidence here showed that at the time of the breach there was no open market for the rejected merchandise; that plaintiff thereafter endeavored to find a buyer and ultimately, several months afterwards, obtained an offer of nineteen cents a yard; that he did not accept this offer, but later sold for seventeen cents a yard. The court limited the damage to the difference between the contract price and the amount of the first offer for the reason that the plaintiff cou'd not charge defendant with its mistake in not selling the goods to the best advantage and also for the reason that the amount claimed by plaint ff lim ted it to the lesser sum. Motion to set aside verdict denied.

Ordered accordingly. _____