### William Bradford KEITH, a/k/a Bill Keith, Plaintiff,

### v.

### Earl SCRUGGS, Louise Scruggs, Earl Scruggs and Son, Inc. and Peer International Corporation, Defendants.

### No. 80 Civ 5095 (GLG).

United States District Court, S. D. New York.

Feb. 25, 1981.

Herbert I. Deutsch, New York City, for plaintiff by Kramer & Salus, Philadelphia, Pa., of counsel.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendants by Mark Landau, New York City, of counsel.

## OPINION

GOETTEL, District Judge:

The events that form the basis of this action date back to 1963. Plaintiff William Bradford Keith ("Keith"), then a college student and avid admirer of defendant Earl Scruggs ("Scruggs"), an internationally renowned banjo player, approached Scruggs with a collection of "tablature" transcriptions of Scruggs's music that Keith had written and assembled. Plaintiff alleges that, on Scruggs's invitation, he entered into an oral agreement with Scruggs whereby he agreed to assist in the preparation of a banjo instruction book and record album in exchange for a share of the profits and royalties to be realized from these works. Defendant Peer International Corporation ("Peer"), which had a long-standing business relationship with Scruggs, purchased the rights to the manuscript and record from Scruggs and subsequently published them in the late 1960's.

Plaintiff commenced this action on September 8, 1980, against Scruggs and Peer, alleging six separate causes of action including breach of contract, breach of fiduciary duty, interference with advantageous relationship, actual and constructive fraud,

co-ownership of literary property, and co-ownership of a federal copyright. He predicates federal jurisdiction upon 28 U.S.C. § 1338, claiming that the action "arises under" the Copyright Act of 1909, 17 U.S.C. § 1 *et seq.* (1976), and the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (Supp. III 1979). *See generally* 3 *Nimmer on Copyright* § 12.01 (1980).

Defendants have moved to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). (There is no diversity jurisdiction.) They argue that none of plaintiff's claims "arises under" the copyright laws. This Court agrees. Accordingly, for the reasons set out below, the motion is granted and the action is dismissed.

Whether an action "arises under" the copyright laws concerns a murky area of the law. *Royalty Control Corp. v. Sanco, Inc.*, 175 U.S.P.Q. (BNA) 641, 642 (N.D.Cal. 1972). The oft-cited rule, as set forth in Judge Friendly's opinion in *T. B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965), is that:

> an action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e. g., a suit for infringement . . . , or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim.

*Id.* at 828. *See also Elan Associates, Ltd. v. Quackenbush Music, Ltd.*, 339 F.Supp. 461 (S.D.N.Y.1972).

To determine whether the claim "arises under" the copyright laws, the Court must look to the essence of the plaintiff's claim. *See Newman v. Crowell*, 205 U.S.P.Q. (BNA) 517, 519 (S.D.N.Y.1979). The federal question " 'must be disclosed upon the face of the complaint' " and " 'must be an element, and an essential one, of the plaintiff's cause of action.' " *Phillips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127, 94 S.Ct. 1002, 1003, 39 L.Ed.2d 209 (1974) (quoting *Gully v. First National Bank*, 299 U.S. 109, 112, 113, 57 S.Ct. 96, 97, 98, 81 L.Ed. 70 (1936)).

Plaintiff's complaint presents only one federal claim: that plaintiff should be declared a co-owner of the federal copyrights obtained by defendant Peer. Courts in this circuit have held that actions to establish title do *not* "arise under" the copyright laws. In *Newman v. Crowell, supra,* for example, the plaintiff alleged that he was a co-author of a "rock 'n roll encyclopedia." Judge Stewart, ruling that there was no federal jurisdiction, held that "[a]n action to establish title is not one 'arising under' the Copyright Act so as to give the federal courts jurisdiction." 205 U.S.P.Q. (BNA) at 519. Similarly, in *Harrington v. Mure*, 186 F.Supp. 655 (S.D.N.Y. 1960), the plaintiff sought a declaration of his rights as an alleged co-author of a musical composition. Judge Palmieri dismissed the action for lack of federal jurisdiction, noting that the plaintiff's action should have been brought in state court. *Id.* at 658.

Plaintiff attempts to distinguish these cases by listing various issues that may require construction of the copyright laws, citing *Royalty Control Corp. v. Sanco, Inc., supra.* However, although plaintiff lists these potential issues in his brief, he does not allege the facts underlying them in his complaint, as required by *Phillips Petroleum Co. v. Texaco Inc., supra.* Moreover, even in his brief, he does not fully explain how these issues may arise. That questions of copyright law may arise does not *ipso facto* create federal jurisdiction. *See* 3 *Nimmer on Copyright* § 1201[A] (1980). Moreover, to the extent that these issues anticipate possible defenses (such as the fact that Scruggs claims Keith was paid for his contribution, and was, therefore, a worker for hire), they cannot be relied upon to establish a federal question. *See Phillips Petroleum Co. v. Texaco Inc., supra,* 415 U.S. at 128–29, 94 S.Ct. at 1004; *Warner Bros. Records, Inc. v. R. A. Ridges Distributing Co.*, 475 F.2d 262 (10th Cir. 1973).

The gist of plaintiff's claim against Scruggs is breach of contract. The resolution of this dispute will depend upon the conversations between Keith and Scruggs, the terms of their alleged oral contract, and the monies received by Keith from Scruggs. These matters do not involve federal law and, consequently, are more appropriately adjudicated in state court. Keith's title claim against Peer will be resolved under general common law and equitable principles and likewise belongs in state court. *See Newman v. Crowell, supra,* 205 U.S.P.Q. (BNA) at 519; *Elan Associates, Ltd. v. Quackenbush Music, Ltd., supra,* 339 F.Supp. at 462.

In summary, since none of Keith's claims "arises under" the copyright laws, this Court lacks subject matter jurisdiction over the case at bar. Accordingly, the motion to dismiss is granted without prejudice, of course, to plaintiff's right to institute appropriate proceedings in state court.

So ordered.