Stuart BERGER, M.D., Plaintiff,

v.

SIMON & SCHUSTER, a DIVISION
OF GULF & WESTERN
CORPORATION, Defendant.

No. 85 CIV 8397 (LBS).

United States District Court,
S.D. New York.

Feb. 25, 1986.

Linden and Deutsch, New York City, for plaintiff; Joseph Calderon, Robert C. Harris, of counsel.

Sharfman, Shanman, Poret & Siviglia, P.C., New York City, for defendant; Charles I. Poret, of counsel.

SAND, District Judge.

Plaintiff Berger, a medical doctor and author, brings this action against defendant, Simon & Schuster, a publishing house, alleging that defendant infringed on a copyright belonging to plaintiff. Defendant has moved to dismiss the action on the ground that the Court lacks jurisdiction over the subject matter or, alternatively, because the complaint fails to state a cause of action. Plaintiff has opposed those motions and has cross-moved for a preliminary injunction restraining defendant from further infringement.

Although the issue, in an area fairly described as "murky," *Keith v. Scruggs*, 507 F.Supp. 968, 970 (S.D.N.Y.1981), is not free from doubt, we agree with defendant that the Court lacks subject matter jurisdiction over plaintiff's claim. Thus, we grant defendant's relevant motion and make no finding on the others.

There apparently being no diversity of citizenship, plaintiff contends that jurisdiction over the subject matter of this action is conferred on this Court by the Copyright Act, 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. § 1338(a). Plaintiff's Memorandum at 2. Defendant disputes this assertion, averring that the complaint states "nothing more than a garden variety contract dispute."

Defendant's Memorandum of Law in Support of Motion to Dismiss the Complaint at 4. In order to evaluate the relative merits of these two contentions, we must briefly summarize the facts underlying plaintiff's cause of action.

In August, 1981, plaintiff entered into a contract, the "Publishing Agreement," with defendant pursuant to which plaintiff would deliver to defendant a book written by plaintiff and entitled *The Southampton Diet*. Defendant was granted an exclusive license to publish and distribute, *inter alia*, the hard-cover and soft-cover reprint editions of the book for the duration of the United States copyright. Defendant was to take all necessary steps to secure a copyright for the book in plaintiff's name. Pursuant to the contract, a copyright in Berger's name was indeed secured and in June of 1982, defendant published the book. Sales of *The Southampton Diet* apparently were disappointing.

In the Spring of 1985, Berger published a second book with a different publisher entitled *Dr. Berger's Immune Power Diet*, which enjoyed immediate success and became a best seller. Simon & Schuster, in an effort to capitalize on the strength and popularity of plaintiff's second book, decided to reprint and offer for sale *The Southampton Diet*. It so informed plaintiff and began republication in August of 1985. Affidavit of William Grose ("Grose Aff.") at ¶ 4.

It is this republication that prompted plaintiff to bring the instant suit, contending that defendant had "infringed ... [plaintiff's] copyright." Complaint at ¶ 8. It is plaintiff's contention that pursuant to ¶ 92 of the Publishing Agreement, plaintiff had "revoke[d] the Publisher's [i.e., the defendant's] right to publish any further copies of the ... Literary Work." Paragraph 92 of the Publishing Agreement provides in pertinent part:

92. If, at any time after the expiration of two years from the actual publication date, either of the following events occurs:

(i) the Publisher [Simon & Schuster] notifies the Author [Berger] in writing that the Publisher intends to discontinue publication of both the trade and textbook editions of the Literary Work; or

(ii) the Publisher allows all editions of the Literary Work to go out of print and does not place any edition on sale within six months after the Author has made a request therefor in writing, and if there is no English language or foreign language reprint edition authorized by Publisher available or contracted for,

the Author may by a notice in writing (a) revoke the Publisher's right to publish any further copies of the trade editions of the Literary Work....

Berger's position is that ¶ 92 provides two alternative methods to revoke Simon & Schuster's right to publish and that the conditions necessary to trigger the revocation under either method were met prior to defendant's republication of *The Southampton Diet* in 1985. Without going into detail unnecessary for our purposes here, each of Berger's claims is predicated upon an interpretation of an exchange of letters between an employee of defendant and plaintiff (and his agents). *See* Affidavit of Joseph Calderon at Exhibits B, C, D & E; Reply Affidavit of Scott Meredith. Defendant disputes plaintiff's interpretation of the letters and thus disputes that plaintiff ever revoked defendant's rights. *See* Affidavit of Eric Rayman at ¶¶ 3–7. There appears also to be a dispute about whether *The Southampton Diet* ever went "out-of-print," a fact which would have some bearing on the issue of revocation. *See* Reply Affidavit of Scott Meredith at ¶¶ 3–4.

We have recounted these facts to indicate the nature of the substantive dispute that is before the Court, and we turn now to the statute controlling jurisdiction here.

Section 1338(a) of Title 28 of the United States Code provides in relevant part that "the district courts shall have original jurisdiction of any civil action *arising under* any Act of Congress relating to ... copy-

rights.... Such jurisdiction shall be exclusive of the jurisdiction of the courts of the states in ... copyright cases." (Emphasis added).

 It is beyond dispute that not every case involving federal copyright laws "aris[es] under" those laws such that federal jurisdiction is proper pursuant to § 1338(a). *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); 3 Nimmer, *Copyright* § 12.01[A] (1985). Applying this rule, however, is often more difficult than stating it. In an oft-cited passage from *T.B. Harms Co., supra*, 339 F.2d at 828, Judge Friendly wrote:

> An action "arises under" the Copyright Act if and only if the complaint is for a remedy expressly granted by the Act, e.g., a suit for infringement ... or asserts a claim requiring construction of the Act, ... or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test. [Citations omitted].

Although plaintiff's complaint is framed entirely in terms of infringement, we find that it is really an action on a contract, wherein plaintiff in substance, albeit not in form, is seeking a declaration that certain conditions precedent to a revocation of a license have taken place. There is nothing in this case which requires construction of the Copyright Act. Nor is there any need to have federal principles control. Moreover, the dispute is not of such a nature as to have federal copyright implications. Thus it does not involve the scope of a copyright license or the definition of statutory terms. *Cf. Lieberman v. Chayefsky*, 535 F.Supp. 90 (S.D.N.Y.1982). Rather, it turns on purely factual and common law contract issues. We observe in this regard that once the contractual rights and duties of the parties are resolved, the Court so doing will *not* be called upon to make any determination about whether defendant's publication is an infringement. In this case, infringement *vel non* would necessarily follow from the Court's finding on the contract issues. *Cf. Elan Assocs. v. Quackenbush Music*, 339 F.Supp. 461, 462 (S.D.N.Y.1972); *Topolos v. Caldeway*, 698 F.2d 991, 994 (9th Cir.1983) (distinguishing and explaining *Elan* ).

"The cases dealing with statutory jurisdiction over copyrights have taken a conservative line. '[E]xpansion would entail depriving the state courts of any jurisdiction over matters having so little federal significance.'" *Elan, supra*, 339 F.Supp. at 462 n. 3 (*quoting T.B. Harms Co., supra*, 339 F.2d at 828). In *Stepdesign v. Research Media*, 442 F.Supp. 32 (S.D.N.Y. 1977), for example, Judge Weinfeld held that federal jurisdiction was lacking where the plaintiff claimed the copyright rights he had assigned to the defendant had reverted because of a breach of the contract assigning those rights. In *Rotardier v. The Entertainment Co. Music Group*, 518 F.Supp. 919 (S.D.N.Y.1981), federal jurisdiction was found lacking where the issues in dispute were whether there had been non-compliance with a contract assigning a copyright and if so, whether there was consequently a right of automatic reversion. In *Keith v. Scruggs, supra*, 507 F.Supp. at 971, federal jurisdiction was found lacking where the "gist of plaintiff's claim ... [was] breach of contract".

Berger has attempted in his briefs to distinguish some of the above-cited cases from the instant one. Referring to *Stepdesign* and *Rotardier*, plaintiff contends that the controlling issue in those cases, unlike here, was whether there had been a *breach* of a contract such that copyright rights would automatically revert to the plaintiff. While such a difference may distinguish the cited cases from the instant one factually, it fails to provide a conceptual distinction. The point remains that the initial and primary role of the trial court faced with this case will be to interpret a contract and

that no copyright issues will remain after this interpretation has been made.

Accordingly, this case is unlike those relied on by plaintiff. In *Frankel v. Stein & Day*, 470 F.Supp. 209, 212 (S.D.N.Y.1979), *aff'd without opinion*, 646 F.2d 560 (2d Cir.1980), while the court did find that it had subject matter jurisdiction over a case involving thorny contract issues, the contract in question had a clause *automatically* reverting copyright rights from the publisher to the writers in the event that a payment was not made on time and it was undisputed that the payment had not been made on time. Thus, infringement was present on the undisputed facts and the burden was on the defendant to assert defenses relating to the contract.[1] Likewise, in *Kamakazi Music Corp. v. Robbins Music Group*, 684 F.2d 228 (2d Cir.1982), where the Second Circuit held federal jurisdiction was proper, "Kamakazi sued Robbins for publishing ... [the] works [in question] after the contract between the two had expired. Once the contract had expired, Robbins was liable for infringement of Kamakazi's copyrights." *Id.* at 230. Defendant's allegation that it had residual rights under the contract to print plaintiff's works after the contract expired was viewed by the Court as a contractual defense that did not defeat the Court's jurisdiction.

Plaintiff points to language in the *Kamakazi* case that emphasizes the importance of the pleadings in determining whether an action "aris[es] under" the copyright laws.[2] Although we do not believe that *Kamakazi* holds that it is merely the way plaintiff chooses to word his complaint that controls the question of subject matter jurisdiction, the extent to which plaintiff's pleadings rather than the substance and economic realities of the controversy determine federal jurisdiction *vel non* is indeed the crucial and vexing issue. In *T.B. Harms Co. v. Eliscu, supra*, 339 F.2d at 825, Judge Friendly wrote:

> The [Harms] case ... [does] not even raise what has been the problem presented when a defendant licensed to use a copyright or a patent on certain terms is alleged to have forfeited the grant; in such cases federal jurisdiction is held to exist if the plaintiff has directed his pleading against the offending use, referring to the license only by way of anticipatory replication, but not if he has sued to set the license aside, seeking recovery for unauthorized use only incidentally or not at all.

Plaintiff's complaint falls squarely within the literal language of this observation and assiduously eschews any prayer for declaratory relief. The complaint asserts that:

> 7. In and about February 1985 the defendant's right to publish said book terminated and expired, in accordance with the terms of said Publishing Agreement, and plaintiff was at all times and continues to be the sole proprietor of all right, title and interest in and to the copyright of said book.

If the sole test of federal jurisdiction is what the complaint alleges without more, the action is clearly a copyright infringement suit as plaintiff asserts. But it is disingenuous to assert that the contract expired by its own terms on the facts present here. Plaintiff cannot escape the

---

1. Plaintiff also points out that *Frankel* involved a case like the instant one where the dispute was not over who had title to the copyright, but rather whether an assignment of rights flowing from the copyright, *i.e.*, the right to publish and distribute, had reverted. We find this to be a distinction without meaning. As we elaborate *infra*, whether this Court has subject matter jurisdiction ultimately rests on our determination about the true nature of this action. It matters not whether the subject of this dispute is title to the copyright itself or "title" to the rights flowing from copyright.

2. Plaintiff quotes the following passage:
 Kamakazi's complaint, filed on May 19, 1980, clearly stated claims under the Copyright Act. It did not mention breach of contract as a theory of liability. Kamakazi sought a preliminary injunction, damages and attorneys fees under the Copyright Act. Robbins interposed its interpretation of the contract as a defense, claimed that Kamakazi's suit was for breach of contract and contended that the district court lacked jurisdiction.
 684 F.2d at 229.

consequences of there being a contract dispute simply by pretending in his complaint to ignore what lies at the heart of the controversy. Nor should the absence of an explicit prayer for declaratory relief be critical when the necessary consequence of resolving the contractual dispute will, as a matter of res judicata, furnish such declaration. Plaintiff has made clear that he wishes to license the book in question to another publisher, and is seeking a means to do so free of defendant's contract claims. Although all he alleges in his complaint is infringement, it is clear from plaintiff's affidavit that his real concern is not the recovery of monetary damages or that defendant be enjoined, but rather that he be free to publish the work with another publisher on terms which will be reflective of his enhanced stature as the author of a best seller. Affidavit of Stuart Berger at ¶ 8.

"In considering the plea of lack of jurisdiction, the formal allegations of the complaint must yield to the substance of the claim." *Stepdesign, supra,* 442 F.Supp. at 33. "[T]he Court must look to the essence of plaintiff's claim." *Keith, supra,* 507 F.Supp. at 970.[3]

In sum, we believe Berger's suit is at heart an action on a contract. And thus, for the reasons elaborated above, it is dismissed for lack of subject matter jurisdiction.

SO ORDERED.

---

**3.** Plaintiff also relies on *Mailer v. RKO Teleradio Pictures,* 213 F.Supp. 294 (S.D.N.Y.1963) *aff'd,* 332 F.2d 747 (2d Cir.1964), a case involving a contract with an automatic reversion-of-rights clause where there *was* a dispute as to whether the automatic reversion had been triggered under the contract. Although the *Mailer* Court found that it had subject matter jurisdiction over the controversy based on the copyright laws, 213 F.Supp. at 295, apparently the issue was not disputed as there was also diversity jurisdiction. *Id.*