### USAR SYSTEMS, INC., Plaintiff,

v.

### BRAIN WORKS, INC. and Avi Telyas, Defendants.

### No. 95 Civ. 2188 (PKL).

United States District Court,
S.D. New York.

Sept. 11, 1995.

---

■■■■■■■■■■■■■■■■■■■■■

Carl Oppedahl, Oppedahl & Larson, York-town Heights, NY, for plaintiff.

Robert L. Epstein, James and Franklin, New York City.

Kenneth S. Guttenplan, Great Neck, NY, for defendants.

### MEMORANDUM ORDER

LEISURE, District Judge:

This action alleges copyright infringement, breach of contract, and fraud. Plaintiff is USAR Systems, Inc. ("USAR"). Defendants are Brain Works, Inc. ("Brain Works") and Avi Telyas. In a Memorandum Order issued on May 31, 1995, the Court denied USAR's motion for a preliminary injunction and dismissed this action for lack of federal subject matter jurisdiction.

USAR has moved for reconsideration. For the reasons stated below, the motion is denied.

### DISCUSSION

I. *Propriety of New Arguments on Motion for Reconsideration or Reargument*

■ USAR has styled its motion as one for reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure. However, USAR's motion is actually one for rear-gument of the Court's denial of its motion for a preliminary injunction and grant of Defendants' motion to dismiss.[1] USAR's motion is therefore properly subject to the limitations on reargument motions made pursuant to

---

1. Rule 59 does not provide for reconsideration (other than in connection with a new trial), except to the extent that it allows a Court to "alter or amend the judgment" entered in a case. Fed. R.Civ.P. 59. There has been no trial in this action, with or without a jury. And, USAR seeks to open the judgment (not merely alter or amend it) incidental to reconsideration and denial of Defendants' motion to dismiss.

2. In this regard, the Court finds that USAR's motion is timely, under Local Civil Rule 3(j).

Local Civil Rule 3(j).[2] In particular, Rule 3(j) "preclud[es] arguments raised for the first time on a motion for reconsideration." *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2nd Cir.1991). Here, as explained in the Court's original decision and as will be seen below, the issue of whether there is federal subject matter jurisdiction over this case turns on the application to the record of the Court of Appeals for the Second Circuit's decision in *Schoenberg v. Shapolsky Publishers, Inc.*, 971 F.2d 926, 931 (2d Cir.1992) (citing *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir.1964), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)). In their original moving papers seeking dismissal of USAR's complaint, Defendants cited *Schoenberg* and discussed at length why, in their view, there was no federal subject matter jurisdiction over this case under the three-part test set forth there. *See* Defendants' Memorandum in Opposition to Motion for Preliminary Injunction and in Support of Cross–Motion to Dismiss, at 1–8. In its opposition to Defendants' motion to dismiss, however, USAR did not even cite *Schoenberg*, much less endeavor to explain why USAR's Complaint satisfied *Schoenberg*'s three-part test. *See* Reply, at 2–5. USAR's motion for reconsideration, in contrast, necessarily undertakes to argue why USAR's Complaint has satisfied *Schoenberg*'s three-part test. Memorandum in Support of Reconsideration ("USAR Mem."), at 1–10. This is wholly improper, and USAR's motion for reconsideration is denied for this reason alone. *See Caribbean Trading*, 948 F.2d at 115.

II. *The* Schoenberg *Three–Part Test*

■ Turning in any event to the merits of USAR's present arguments, the substance of

---

Rule 3(j) provides that "[a] notice of motion for reargument shall be served within ten (10) days after the docketing of the court's determination of the original motion." Local Civil Rule 3(j). Here, the Court's determination of the original motion was docketed on June 2, 1995. USAR's motion was served on June 15, 1995. Excluding intermediate Saturdays and Sundays, *see* Fed. R.Civ.P. 6(a), USAR's motion was served within 10 days of the docketing of the Court's decision on its original motion.

USAR's copyright infringement claim is (1) that USAR contracted, by simple purchase order, to supply Brain Works with certain goods that contain a programming code on which USAR holds a copyright; (2) that Brain Works failed to make timely payment for the ordered goods; and (3) that, therefore, Brain Works' use and subsequent distribution of the goods that USAR has already delivered pursuant to the contract is "unauthorized" and infringes, or induces downstream users or distributors to infringe, USAR's copyright. *See* Complaint ¶¶ 1–24; USAR Mem., at 2–3. USAR alleges federal subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a) (providing exclusive federal jurisdiction over "any civil action *arising under* any Act of Congress relating to ... copyrights" (emphasis added)) and 28 U.S.C. § 1367(a).

This Court found federal subject matter jurisdiction lacking here, under the three-part test set forth by the Second Circuit in *Schoenberg,* 971 F.2d at 931. There, the Second Circuit held that, in cases such as this one, which "alleges infringement stemming from a breach of contract," *id.* at 932, the district court must

> undertake a three-part test ... to determine whether a complaint states a cause of action arising under the Copyright Act. A district court must first ascertain whether the plaintiff's infringement claim is only 'incidental' to the plaintiff's claim seeking a determination of ownership or contractual rights under the copyright. If it is determined that the claim is not merely incidental, then a district court must next determine whether the complaint alleges a breach of a condition to, or a covenant of, the contract licensing or assigning the copyright.... [I]f a breach of a condition is alleged, then the district court has subject matter jurisdiction. But if the complaint merely alleges a breach of a contractual covenant in the agreement that licenses or assigns the copyright, then the court must undertake a third step and analyze whether the breach is so material as to create a right of rescission in the grantor. If the breach would create a right of rescission, then the asserted claim arises under the Copyright Act.

*Id.* at 932–33 (citations omitted). In short, if an infringement claim is not "incidental" to the contractual dispute, the complaint must allege either a breach of a condition to the copyright license or a breach of the contract that would create a right of rescission. This Court again finds that USAR's claim fails all three prongs of the *Schoenberg* test for federal subject matter jurisdiction.

### A. *USAR's Infringement Claim is Incidental*

USAR first takes issue with the Court's reasoning with respect to *Schoenberg's* first prong. The Court wrote:

> The basis for USAR's claim consists of nothing other than Brain Works' alleged breach(es) of contract. If Brain Works had complied fully with whatever obligations it may have incurred pursuant to the parties' alleged contract, Brain Works' alleged use and distribution of the delivered goods would indisputably be "authorized," and USAR's copyright infringement claim would fail by its own terms.

Original Decision, at 3. USAR argues that the second sentence of the Court's reasoning swallows the *Schoenberg* test because any prior contractual relationship breached in any way by a defendant would absolutely defeat federal subject matter jurisdiction. However, USAR overlooks the first sentence of the Court's reasoning. Where a party has alleged *no more than* a breach of contract, the infringement claim is incidental, and as in most cases of a buyer's breach of a sales contract, "the purpose ... is to put the seller in the same position as he would be, had the buyer performed—to give the seller the value of his contract." *Farrish Co. v. Harris Co.,* 204 N.Y.S. 638, 639, 122 Misc. 611, 613–14 (N.Y. City Ct.1924); *see* Jay S. Fleischman, Comment, *Swimming the Murky Waters: The Second Circuit and Subject–Matter Jurisdiction in Copyright Infringement Cases,* 42 Buff.L.Rev. 119, 144 (1994). By contrast, where a license is exceeded, subject to a failed condition, or subject to rescission, *see Schoenberg,* 971 F.2d at 933 ("the three parts [of the test] are, in practice, merged into one"), then the primary purpose is to return the holder of the copyright to his or

her position prior to infringement—to enjoin the infringement.

The remedy required to make the parties whole is instructive in distinguishing the two cases. *See T.B. Harms,* 339 F.2d at 828. In the case where the infringement claim is incidental to what is essentially a contract dispute, an adequate remedy would be to give the parties their expected benefit from the bargain—to enforce the terms of the contract as to performance. In the case at bar, Plaintiff would be made whole (assuming the truth of its allegations) if a court ordered payment. If Defendants had paid in full, there would be no need to consider copyright remedies, because the parties most likely intended that Defendants use Plaintiff's copyrighted material.[3] By contrast, where the infringement is central, the remedy must be to return control over the copyrighted material to the plaintiff. *See* Fleischman, *supra,* at 144. Payment of money damages for use after expiration of the license, for example, *see Kamakazi Music Corp. v. Robbins Music Corp.,* 684 F.2d 228, 230 (2d Cir.1982), would not be adequate relief; an injunction would be required to return the

plaintiff to his position prior to the infringement.

USAR refers the Court to the reasoning of *Berger v. Simon & Schuster,* 631 F.Supp. 915 (S.D.N.Y.1986), as "a starting point for assessing whether or not a copyright claim is merely incidental." USAR Mem., at 5. There, as USAR acknowledges, the copyright claim was found to be merely incidental to a contract dispute, because:

> once the contractual rights and duties of the parties are resolved, the Court so doing will not be called upon to make any determination about whether defendant's publication is an infringement. In this case, infringement *vel non* would necessarily follow from the Court's finding on the contract issue.

*Berger,* 631 F.Supp. at 917. But USAR has not distinguished its case from *Berger* in any material way. The dispute here, like the one in *Berger,* "does not involve the scope of a copyright license or the definition of statutory terms. Rather, it turns on purely factual and common law contract issues." *Id.* (citation omitted).[4]

---

**3.** The parties most likely contemplated that Brain Works would have the right to "distribut[e], or [to] induc[e] others to distribute keyboards containing USAR's copyrighted code to the public," Complaint ¶ 19, and to prepare derivative works by powering the keyboards on for use. The copyrighted software was specifically developed for use in the encoders ordered by Defendants. Affidavit of Ioannis Milios ¶ 3. The alleged infringement by Defendants, then, must have been anticipated and intended by the parties. The only unanticipated occurrence is that Plaintiff claims not to have been paid. Failure to make payment does not require prevention of the "infringing use" by the court to make the Plaintiff whole.

**4.** USAR, again, argues that this action presents a federal question because Defendants would defend the action on the ground, among others, that Defendants are the "owners" of the delivered goods and Defendants' use and distribution of those goods therefore does not constitute infringement, under the so-called "first-sale doctrine"; USAR argues that this defense raises a federal question as to the meaning of the term "owner" for purposes of the first-sale doctrine. However, as the Court explained in its prior decision: "[t]he well-pleaded-complaint rule confines the search for a basis of federal question jurisdiction to 'what necessarily appears in the plaintiff's statement of his own claim' in the bill or declaration, unaided by anything alleged in

anticipation or avoidance of defenses which it is thought the defendant may interpose." *Lupo v. Human Affairs Int'l, Inc.,* 28 F.3d 269, 272 (2d Cir.1994) (quoting *Taylor v. Anderson,* 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914). The federal question that USAR suggests does not create federal subject matter jurisdiction here, because there would be no need to reach validity of Defendants' first-sale doctrine defense unless and until USAR had alleged facts sufficient to constitute a *prima facie* case of copyright infringement, which, for reasons stated above, USAR has failed to do.

USAR argues, correctly, that in applying *Schoenberg,* "a court may refer to evidence outside of the pleadings, such as affidavits." *Schoenberg,* 971 F.2d at 933. Indeed, the Court may even conduct a "hearing limited to the issue of the Court's jurisdiction." *Id.* However, the Court does not understand this language as a departure from the well-pleaded complaint rule in cases alleging copyright infringement. Defendants remain free, and are indeed well-advised, to plead defenses that may apply in the event that a court determines that the plaintiff has succeeded in alleging a copyright cause of action. But the fact that a defendant has raised such a defense does not turn what was otherwise a garden-variety case alleging breach of a contract for the sale of goods into an action for copyright infringement.

B. *USAR's Complaint Suggests a Breach of a Covenant not a Condition*

USAR also argues that the Court did not explain its conclusion that USAR failed to allege facts sufficient to satisfy the second prong of the *Schoenberg* test, concerning "whether the complaint alleges a breach of a condition to, [rather than merely] a covenant of, the contract licensing or assigning the copyright." *Schoenberg*, 971 F.2d at 932. USAR acknowledges that, in this case, "there is no written [copyright] license distinct from the purchase order contract between USAR and Brain Works," USAR Mem., at 6–7. However, the purchase order admittedly says nothing about the conditions under which Brain Works would be licensed to use or distribute the copyrighted material incorporated in the goods. The installment payments and the installment delivery of the goods imply that a license was to be conveyed upon delivery, without conditions as to payment, for otherwise Brain Works would have to store all of the encoders, without powering them up, until it had paid in full. On the present record, the Court finds such a characterization of the parties' agreement untenable, especially given the quantity of goods ordered. It appears, therefore, that the implied license did not contain an implied condition that the buyer "make[ ] timely payment for the [ordered goods]," USAR Mem., at 7. It is up to USAR to allege, and specifically argue, the particular circumstances of its case that warrant acceptance of this untenable characterization of the parties' agreement. USAR has not done this, and its copyright claim therefore fails *Schoenberg*'s second prong.

C. *USAR Has Not Alleged a Breach So Severe as to Create a Right of Rescission*

USAR also argues that the Court did not explain its conclusion that USAR failed to allege facts sufficient to satisfy the third prong of the *Schoenberg* test, concerning "whether the breach is so material as to create a right of rescission in the grantor." *Schoenberg*, 971 F.2d at 932. As the Second Circuit has explained:

before rescission will be permitted the breach must be "material and willful, or, if not willful, so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract." As an extraordinary remedy, rescission is appropriate only when a breach may be said to go to the root of the agreement between the parties.

*Septembertide Publishing, B.V. v. Stein and Day, Inc.*, 884 F.2d 675, 678 (2d Cir.1989) (citation omitted) (quoting *Callanan v. Powers*, 199 N.Y. 268, 284, 92 N.E. 747 (1910)). In *Nolan v. Sam Fox Publishing Co.*, 499 F.2d 1394 (2d Cir.1974), for example, a composer sought rescission of an assignment of a copyright and song. The composer established at a hearing that the assignee had failed to pay some 74 percent of the royalties due him. Rescission was denied. As recounted by the Court in *Septembertide*, the composer in *Nolan* was not entitled to rescission, "because [the assignee] did pay 26 percent of the royalties ... [.] [T]he breach was not so substantial as to permit rescission because there was not a total failure of payment." *Septembertide*, 884 F.2d at 678.[5]

Here, the Complaint and the Second Affidavit of Ioannis Milios ("Second Milios Aff.") allege that Brain Works has taken delivery of goods having a contract price of approximately $316,000 but has paid only approximately $221,000 and has repudiated its obligation to take delivery of the remaining goods. Neither USAR's Complaint, nor the Second Milios Aff., ever alleges the total contract price; however, it appears from the record that the $316,000 figure reflects the price for somewhere on the order of one-third of the total quantity of goods ordered. Assuming that the total contract price was on the order of $950,000, Brain Works would have already paid on the order of 20 percent

---

5. In *Frankel v. Stein & Day*, 470 F.Supp. 209 (S.D.N.Y.1979), *aff'd*, 646 F.2d 560 (2d Cir. 1980), by contrast, rescission was granted to an author against a publisher. As explained in *Septembertide*, "the contract [in *Frankel*] provided that all rights reverted automatically to the au-

thor if the publisher failed to pay *any* portion of what it owed." *Septembertide*, 884 F.2d at 678 (emphasis in original). The publisher failed to pay 67 percent of the amount it owed to the author, and "the failure was undoubtedly willful." *Id.* (citing *Frankel*, 470 F.Supp. at 213).

of the total price (even though, due to its alleged repudiation, it has actually received only about one-third of the goods). In the absence of a provision in the purchase order for automatic reversion of rights to use and distribute if Brain Works failed to make timely payment for ordered goods, "the breach was not so substantial as to permit rescission because there was not a total failure of payment." *Septembertide*, 884 F.2d at 678. Therefore, USAR's copyright claim fails the third part of the *Schoenberg* test.

In sum, Plaintiff's claim for copyright infringement is merely incidental to a contracts dispute. Furthermore, Plaintiff has not alleged facts on which the Court can conclude that timely payment was a condition to the grant of an implied license, nor has Plaintiff alleged facts on which the Court can conclude that the breach was so material as to create a right of rescission. The claim therefore fails all three of the *Schoenberg* tests, and the Court lacks subject matter jurisdiction.

### CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is HEREBY DENIED.

**SO ORDERED.**