804 F.2d 191
 5 Fed.R.Serv.3d 1363
 In re YELLEN & HERSTIC.
Marcy E. BOUCHER, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee,
and
Yellen & Herstic, Appellants.
UNITED STATES of America, Third-Party Plaintiff-Appellee,
v.
AMERICAN AIRLINES, INC., Third-Party Defendant-Appellee.
 No. 93, Docket 86-6085.
 United States Court of Appeals,
Second Circuit.
 Argued Oct. 7, 1986.
Decided Oct. 27, 1986.
 
 Jeffrey L. Shernoff, New York City (Greenberg & Shernoff, New York City, Richard Greenberg, of counsel), for appellants Yellen & Herstic.
 David S. Heller, New York City (Lawlor & Caulfield, New York City, of counsel), for third party defendant-appellee American Airlines, Inc.
 Before LUMBARD, CARDAMONE, and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 The law firm of Yellen & Herstic represented Marcy E. Boucher in a personal injury action against the United States and American Airlines. The case was dismissed, and the District Court for the Southern District of New York (Kram, J.) imposed sanctions, specifically $1,788.52 in attorney's fees, to be shared jointly between Boucher and the law firm. The law firm appeals, arguing not that the sanctions were unjustified, but that the repeated delays in the district court were the fault of the client; it urges us to hold that Boucher alone should pay the fees.[1] Because we find the record before us provides inadequate guidance to pass upon the propriety of the allocation of the sanctions, we remand to the district court with instructions to make further findings.I.
 
 
 2
 Boucher, then a flight attendant with American Airlines, slipped and fell at John F. Kennedy International Airport on October 30, 1979. She filed suit in the Southern District of New York on May 3, 1982, seeking damages from American and from the United States. Discovery did not proceed smoothly because of Boucher's refusal to cooperate. On November 21, 1984, the court granted an American Airlines motion to compel discovery. Boucher was given 10 days to produce the discovery--largely background questions about her medical history and the circumstances of the accident--or be precluded from introducing any evidence regarding the subject matter of the discovery. The discovery material was not produced.
 
 
 3
 Defendants continued to seek the material, and the court signed an order on December 3, 1985, again requiring Boucher to produce answers within 10 days or be precluded from introducing evidence involving the subject matter of the discovery. At a pretrial conference on December 13, 1985, the court learned that Boucher had not yet produced the discovery. Because trial was not scheduled until June 30, 1986, the court did not preclude the evidence, recognizing that American still had ample time to prepare. The court instead on December 18, 1985, ordered Boucher to produce the discovery by December 23, 1985. By letter of December 27, 1985, defendant informed the court that the discovery had not yet been received. Plaintiff's attorney responded that Boucher had been in a automobile accident on December 21, 1985 and was thus unable to produce the discovery. The court issued a written order on January 14, 1986, requiring Boucher to produce the evidence within five days. The court granted the extension, it said, because it did not wish to punish Boucher for the "perceived delay" of her attorney. The January 14 order also granted defendants their attorneys' fees incurred in attempting to obtain the discovery.
 
 
 4
 At this point, Boucher herself attempted to speak to Judge Kram by telephone. The court refused to accept the phone calls, but, after receiving a mailgram from Boucher, it scheduled a conference for the plaintiff and the defendants on January 24, 1986. In Boucher's communications with the Judge, she indicated some unhappiness with the representation she had been receiving. At the conference, the court gave Boucher until January 28 to produce the discovery.
 
 
 5
 When Boucher finally submitted the discovery material by January 28, the court found the responses "wholly unsatisfactory." Boucher "forgot" the name of her attorney in a previous personal injury case, and also "forgot" the name of the key eyewitness to the Kennedy Airport accident. The district court stated that "[b]ased on the plaintiff's evasive response, the Court is satisfied the plaintiff is as much to blame for the failure to produce discovery as her attorney." On February 14, 1986, the court granted summary judgment to the defendants and imposed sanctions jointly on Boucher and her attorneys. The attorneys now appeal.[2]
 
 II.
 
 6
 The district court awarded attorneys' fees under Fed.R.Civ.P. 37(a)(4), which states that if a "motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees[.]" The Supreme Court has held that "[b]oth parties and counsel may be held personally liable for expenses, 'including attorney's fees,' caused by the failure to comply with discovery orders." Roadway Express, Inc. v. Piper, 447 U.S. 752, 763, 100 S.Ct. 2455, 2462, 65 L.Ed.2d 488 (1980) (quoting Fed.R.Civ.P. 37).
 
 
 7
 We have frequently asked the district courts, in imposing sanctions, to make careful apportionment of the costs among the responsible parties. In Penthouse Int'l, Ltd. v. Playboy Enterprises, Inc., 663 F.2d 371, 392 (2d Cir.1981), we affirmed an award of Rule 37 sanctions, but remanded for a determination of whether the losing party or its attorney should bear the costs. Similarly, in McFarland v. Gregory, 425 F.2d 443, 450 (2d Cir.1970), we remanded a Rule 37 sanction because no hearing had been held, stating "this sanction amounted to a separate judgment and is somewhat akin to a finding of and punishment for contempt without a hearing, including most especially the opportunity for cross-examination."
 
 
 8
 From the record before us, it is far from clear that a sharing of the costs of the sanctions imposed is a fair apportionment in view of the apparent failure of the client to produce any evidence in support of her claim over a period of four years. Moreover, Boucher's uncooperativeness was apparently so severe that on at least two occasions the law firm was prompted to ask the district judge to entertain a motion to allow it to be relieved as counsel. Consequently, further proceedings should be held, with an opportunity for both Boucher and the law firm to be heard.
 
 III.
 
 9
 We remand to the district court for further proceedings to determine the proper allocation of sanctions.
 
 
 
 [1]
 Plaintiff filed a notice of appeal, but did not appear or submit a brief. Thus, the district court's dismissal of the case stands
 
 
 [2]
 The United States Attorney and counsel for American Airlines have submitted brief statements which express no opinion about how costs should be shared between Boucher and her attorneys