Harris O. SCHOENBERG, Plaintiff,

v.

SHAPOLSKY PUBLISHERS,
et al., Defendants.

No. 91 Civ. 0208 (DNE).

United States District Court,
S.D. New York.

Dec. 10, 1991.

Malina & Wolson, New York City, (Bernard Malina, of counsel), for plaintiff.

Kurzman, Karelsman & Frank, New York City (Samuel A. Abady, of counsel), for defendants.

## OPINION & ORDER

EDELSTEIN, District Judge:

After defendants failed to comply with this Court's order compelling discovery, plaintiff brought an order to show cause why this Court should not hold defendants and their attorney, Samuel A. Abady, in contempt and impose sanctions on them. For the reasons stated below, this Court finds that Mr. Abady is in contempt of this Court's order and that sanctions are appropriate. In addition, this Court will hold a further hearing to determine whether defendants are at all responsible for plaintiff's inability to obtain discovery. If this Court finds that defendants are culpable, this Court will allocate its sanctions award between defendants and Mr. Abady.

## BACKGROUND

Harris O. Schoenberg ("Schoenberg or plaintiff") is the author of "A Mandate for Terror: The United Nations and the PLO." Plaintiff entered into an agreement with defendant Steimatzky Publishing of North America, Inc., ("Steimatzky") under which Steimatzky obtained the exclusive right to publish plaintiff's manuscript. Defendants Shapolsky Publishers ("Shapolsky") and its President, Ian Shapolsky, allegedly obtained the right to publish the manuscript from Steimatzky. Plaintiff alleges that defendants published the manuscript without authorization, and accordingly, plaintiff brought this action for copyright infringement, breach of contract and inducing breach of contract.

### A. First Document Request and Failure to Provide Discovery

Plaintiff filed his complaint on January 1, 1991 and effected personal service on defendants on January 18, 1991. Plaintiff served defendants with his first document production request and first set of interrogatories on February 8, 1991. On March 13, defendants responded to the first set of interrogatories. Also on March 13, defendants' counsel, Samuel A. Abady, sent plaintiff a letter in which he represented that defendants were gathering the requested documents and promised prompt delivery. Mr. Abady's letter made no objection to any of the requests for documents nor did he indicate that any documents were not available.

After receiving this correspondence, plaintiff's counsel, Bernard Malina, repeatedly urged Mr. Abady, without success, to comply with plaintiff's document production request. Mr. Malina sent Mr. Abady three letters requesting document production between March 13 and March 28. The March 13 letter requested that

defendants comply with the discovery request before a pre-motion conference before this Court that was scheduled for March 28 so that plaintiff could determine what motions to file. After not receiving the documents or further notice from Mr. Abady, Mr. Malina sent Mr. Abady another letter, dated March 25, in which he reiterated his client's need for the documents before the March 28 conference and in which he stated his intention to inform this Court of defendants' non-compliance.

Finally, immediately after the March 28 conference, Mr. Malina sent Mr. Abady a letter, dated March 28, in which he stated that

[y]ou declined to give me a [production] date on the grounds that your client was out of town and was not expected to return until next Thursday. Moreover, you indicated that your client was a busy man and that you would take this matter up with him when you could reach him, but that until that time you could not give me any such date. In view of our unanswered letters to you of March 18th and March 25th, please be advised that we will not accept the above stonewalling and we therefore intend to seek appropriate relief from the Court.

As with the other letters, Mr. Abady failed to respond to this letter as well. In addition, at the March 28 conference, Mr. Malina had orally demanded that defendants fulfill Mr. Abady's March 13 pledge to supply the requested documents promptly. Mr. Malina's secretary also placed at least five telephone calls to Mr. Abady between April 2 and April 12 in a further attempt to secure compliance; despite leaving Mr. Malina's name and number with Mr. Abady's office, Mr. Abady did not return these calls. *See* Affidavit of Shirley Weintraub.

### B. *Motion to Compel Discovery and June 19 Order*

Finally, by letter dated April 26, 1991, Mr. Malina requested this Court's permission to make a motion to compel discovery pursuant to Federal Rule of Civil Procedure 37. Mr. Malina, in his letter to the Court, stated that he had "advised Mr. Abady that the Court insists on a telephone conference between counsel and [the Court] in order to address this problem. However, defendants' counsel has failed to indicate his availability for such a conference. In view of the proven futility of plaintiff's efforts to resolve this problem among counsel, plaintiff respectfully requests the intervention of the Court under Rule 37."

This Court, after hearing oral argument in this matter on June 5, 1991, indicated that it would grant plaintiff's motion to compel discovery. By order dated June 19, 1991, this Court found that "the failure of defendants to comply with discovery is without justification" and accordingly, it directed that "on or before June 26, 1991, defendants shall, without any objection, produce all the documents requested in Plaintiff's First Request for Production of Documents at the offices of plaintiff's counsel."

### C. *Failure to Produce Documents and Writ of Mandamus*

Defendants did not produce, and indeed refused to produce, any documents. In addition, defendants did not seek a stay of this Court's June 19 discovery order. Instead, Mr. Abady informed this Court by letter dated June 20 that he would seek a writ of mandamus in the Court of Appeals unless this Court allowed defendants to file a motion to dismiss for lack of subject matter jurisdiction before defendants had to complete discovery. Mr. Abady graciously added that he hoped to avoid this route, "which is uncomfortable for us [and] which would cause the Court unnecessary embarrassment."

Mr. Abady filed a petition for a writ of mandamus in the Second Circuit on July 12, 1991. The writ requested that the Court of Appeals direct this Court to vacate its June 19, 1991 order and immediately consider and rule on defendant's motion. In the alternative, the writ requested that the Second Circuit treat this Court's deferral of defendant's motion as a denial and asked that the Court of Appeals rule on it. The Second Circuit, after hearing argument on

August 13, 1991, unanimously denied defendants' petition from the bench.

### D. Plaintiff's Intend to Move for Contempt and Sanctions

Mr. Malina, by letter dated August 13, 1991, reminded Mr. Abady that defendants were in contempt of this Court's June 19 order. In an apparently unsolicited gesture, however, Mr. Malina's letter stated that "in view of the just concluded proceedings before the Second Circuit Court of Appeals, we will forebear moving for contempt until August 20, 1991." Mr. Abady did not respond to this letter and also failed to produce any documents.

As a result, Mr. Malina was compelled to request, by letter dated August 23, a pre-motion conference before this Court at which Mr. Malina intended to seek permission to move for contempt and sanctions; the conference was scheduled for September 3, 1991 and later rescheduled for September 4 at 4:00 p.m.

On 11:15 a.m. of the morning of this conference, nearly six months after Mr. Abady's March 13 assurance that the documents were being assembled, nearly three months after defendants were to have provided documents to plaintiff pursuant to this Court's June 19 order, and a mere five hours before the scheduled pre-motion conference, defendants delivered to Mr. Malina a batch of photocopies of documents. At this time, Mr. Abady also sent letters to Mr. Malina and this Court.

The letter to this Court stated that defendants had filed their motion to dismiss because they had complied with plaintiff's discovery requests. Defendants filed this motion without complying with this Court's individual Rule 5, which requires a pre-motion conference before the filing of such motions. The letter to Mr. Malina stated

that the photocopied documents responded to all plaintiff's legitimate documents requests, which Mr. Abady asserted related only to bases for subject matter jurisdiction. Mr. Abady demanded that Mr. Malina "identify ... *exactly* which discovery request you claim you served in order to establish subject matter jurisdiction over this federal question action. Unless you respond to my demand immediately, I shall proceed with a complaint to the Grievance Committee."

Mr. Malina immediately informed Mr. Abady, by letter dated September 4, of numerous deficiencies in the document production, including: (1) the production lacked a written response to any of the ten document requests, as required by Rule 34(b); (2) the documents appeared to be shuffled; (3) the documents bore no identifying numbers or Bates stamps, either as kept in the regular course of business or in relation to the document request, as required by Rule 34(b); (4) various documents were inexplicably and without permission redacted; (5) the production did not contain requested documents relating to defendants' costs in the manufacture, production and distribution of plaintiff's book; and (6) the production did not contain requested documents relating to sales, distribution or consignment of plaintiff's book; (7) the production did not contain requested documents relating to cash sales and advertising and promotion costs; (8) without obtaining plaintiff's consent, defendants provided photocopies of the documents rather than originals.

At the September 4 conference, this Court directed Mr. Malina to bring on a motion for contempt and sanctions by order to show cause, which Mr. Malina issued on September 26, 1991.[1]

---

1. Defendants' memorandum in opposition to plaintiff's motion for sanctions and contempt, signed by Mr. Abady, asserted that
   The 'conference' before the Court that afternoon lasted but moments, as reflected in the transcript. The Court refused to allow defendants to demonstrate their compliance, albeit the documents produced were in hand, and presented to the Court."

The September 4 conference was a pre-motion conference as required by this Court's individual Rule 5, and not a hearing to evaluate the merits of that motion. This Court addressed the merits of plaintiff's motion at the October 15 hearing, at which Mr. Abady was represented by counsel and for which he had over one month to prepare.

### D. October 15 Contempt and Sanctions Hearing

This Court held a contempt and sanctions hearing on October 15, 1991 at which Mr. Abady was represented by Paul Kurland of Snow Becker Kraus, P.C. At this hearing, Mr. Malina essentially reiterated the statements contained in letters to Mr. Abady and this Court, and provided a summary of flaws in defendants' eleventh hour document production.

Mr. Kurland, on the other hand, averred that according to Cheryl Farnsworth, managing editor of Shapolsky, defendants had produced "every single document known to them to be responsive to the discovery requests of the plaintiff." He insisted that because the client had represented to Mr. Abady that it had turned over all relevant documents, Mr. Abady could not be at fault for any defects in the document production. Mr. Kurland stated that "we instructed the client from the beginning to gather and put together every single document that exists in response to the discovery demand. We delivered the discovery demand to the client. The client delivered the documents to us on September 4th."

Mr. Kurland further stated that Mr. Abady was unable to deliver the documents by August 20, as requested by Mr. Malina, because Mr. Abady's mother suffered a heart attack that day. Mr. Kurland also contested some of the alleged defects in his clients' document production. In addition, Mr. Kurland asserted that the production complied with Rule 34, which allows documents to be delivered in the order in which they are maintained in the regular course of business, without relating each document to a specific demand.

■ Mr. Kurland's arguments are without merit. This Court's June 19 order directed that defendants produce the requested documents by June 26. No production whatsoever was provided until September 4. That production was deficient in several respects, including the absence of many requested documents relating to this case and the presentation of the document production, with documents given in no discernible order and without any written re-

sponse to plaintiff's requests. The September 4 production, therefore, does not satisfy this Court's June 19 order. Accordingly, Mr. Abady is in contempt of this Court's June 19, 1991 order. Sanctions, including attorneys' fees and expenses incurred by plaintiff in obtaining discovery, are appropriate against Mr. Abady under Rule 37 and, in the alternative, under 28 U.S.C. § 1927. Furthermore, this Court finds that a coercive sanction is necessary to ensure compliance with the June 19 order.

At the October 15 hearing, Mr. Abady's counsel suggested that defendants, rather than Mr. Abady, were responsible for any failure to produce discovery. Accordingly, as previously noted, this Court will hold a hearing to determine if defendants bear any responsibility for not complying with this Court's June 19 order. If they are partially culpable, this Court will apportion the sanctions award between defendants and Mr. Abady.

## DISCUSSION

### I. Monetary Sanctions

#### A. Federal Rule of Civil Procedure 37

Federal Rule of Civil Procedure 37(b)(2) provides that if a party or an officer or agent of a party refuses to comply with a court order to provide or permit discovery, the court may issue

(C) [a]n order striking out pleadings or parts thereof ... or rendering a judgment by default against the disobedient party;

(D) an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

In lieu of any of the foregoing order or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorneys' fee, caused by the failure, unless the court finds that the failure was substantially justified or that

other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(b)(2).

■ Rule 37 sanctions serve three purposes. They ensure that a party will not benefit by failing to comply with court orders, they coerce compliance and they act as a general deterrent. *See Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 71 (2d Cir.1988). District Courts have wide discretion in determining whether to impose sanctions. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976) (per curiam).

"Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might otherwise be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam)). The Second Circuit has "'emphasize[d] the importance [they] place on a party's compliance with discovery orders,' and [they] warned that '[a] party who flouts such orders does so at his peril.'" *Sieck v. Russo,* 869 F.2d 131, 133 (2d Cir.1989) (quoting *Update Art, Inc. v. Modiin Pub., Ltd.,* 843 F.2d 67, 73 (2d Cir.1988)).

■ "While severe sanctions, such as dismissal of the action, are generally imposed only when the recusant party's conduct rises to willfulness or bad faith, monetary sanctions are considered relatively mild given the spectrum of Rule 37's arsenal, and thus may be awarded in the absence of bad faith." *Quadrozzi v. City of New York,* 127 F.R.D. 63, 74 (S.D.N.Y. 1989). Mere negligence will sustain Rule 37 monetary sanctions. *See Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.,* 602 F.2d 1062, 1066 (2d Cir.1979); *Quadrozzi,* 127 F.R.D. at 74. In determining whether to impose monetary sanctions, courts should consider the importance of the information sought, the of-fending party's cooperation in other areas of the litigation, whether and under what circumstances the offending party ultimately produced the information and the extent of prejudice caused by the delay. *See Litton Systems, Inc. v. American Telephone & Telegraph Co.,* 91 F.R.D. 574, 576 (S.D.N.Y.1981), *aff'd,* 700 F.2d 785 (2d Cir.1983).

For instance, in *Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 882 F.2d 682 (2d Cir.1989), the district court found that more than one year after they were due, plaintiff, even after two court orders, had not responded to various interrogatories nor had it produced requested documents. The Second Circuit upheld an award against plaintiff and its counsel, under Rule 37(b)(2), of $14,-815.40 for attorneys' fees and other expenses incurred in connection with plaintiff's hinderance of discovery. The Court of Appeals affirmed the sanction because plaintiff and its counsel "neglected to respond of their own initiative, ignored due dates, necessitated defendants' motions to compel, and disobeyed at least two previous court orders before the sanction was imposed." *Id.* at 687.

Similarly, in *Argo Marine Sys., Inc. v. Camar Corp.,* 755 F.2d 1006, 1015 (2d Cir. 1985), the Second Circuit affirmed the district court's award of $3,500 against plaintiff for costs associated with plaintiff's refusal to produce valid discovery. The Second Circuit reasoned that "plaintiff, without justification, failed to disclose to the defendant material covered by the district court's discovery order and that such nondisclosure caused the defendant to bear costs which would not have been necessary had plaintiff complied with the court's order."

■ Mr. Abady has exhibited an intentional and blatant disregard of this Court's orders. While monetary sanctions under Rule 37 are appropriate upon a showing of simple negligence, defendants and Mr. Abady's conduct amounts to what is an intentional disregard of a clear and unambiguous order of this Court.

This Court issued an order compelling discovery on June 19, 1991. Mr. Abady obviously did not agree with this Court's decision, and rather than comply or seek a stay of discovery, he sought a writ of mandamus in the Second Circuit. Having no stay in place after the Court of Appeals denied the petition from the bench, Mr. Abady continued to ignore the June 19 order. Indeed, since March 13, 1991, Mr. Malina had sought, without success or even a response from Mr. Abady, to induce Mr. Abady's compliance with plaintiff's discovery requests without having to resort to further litigation. While Mr. Abady attempts to blame defendants for the failure to provide discovery, it was Mr. Abady who sought a writ of mandamus rather than provide discovery. Mr. Abady also chose not to cooperate in any way with Mr. Malina throughout the discovery process. Even if defendants are at fault, Mr. Abady's conduct still merits sanctions and a finding that he is in contempt of this Court's order.

Indeed, only upon learning of plaintiff's intention to seek sanctions and to hold them in contempt, did Mr. Abady feel obliged to produce any discovery. In a transparent attempt to avoid sanctions and contempt, he handed a sheaf of photocopied documents, in no apparent order, to Mr. Malina a few hours before a conference before this Court concerning plaintiff's contempt and sanctions motion. Although Mr. Abady seeks refuge in this production, it came months after this Court ordered discovery.

Even this late document production, however, had glaring defects, including the absence of many requested documents relating to this case and the presentation of the document production, with documents given in no discernible order and without any written response to plaintiff's requests. In addition, this Court finds it likely that Mr. Abady hoped that delaying production and forcing plaintiff to compel discovery would raise the emotional and financial cost of prosecuting the action, which could either encourage a favorable settlement or induce plaintiff to discontinue the action. This Court will not countenance such brazen dilatory tactics.

Mr. Abady, in his affirmation in opposition to plaintiff's motion, attempts to twist Mr. Malina's unsolicited forbearance not to make this motion until August 20 into a mandate. Mr. Abady argues that plaintiff extended the time to produce the documents until August 20. He asserts, therefore, that defendants' noncompliance with this Court's June 19 order is excused until August 20, and further contends that he could not comply on that date because his mother suffered a heart attack that day.

By offering not to move for contempt, however, Mr. Malina obviously hoped to obtain the documents from defendants rather than a contempt order from this Court. This Court will not reward such forbearance by countenancing the fiction that Mr. Malina extended defendants' time to comply with plaintiff's document request. More importantly, this Court never amended its June 19 order to extend defendants' time to comply and compliance was required on June 26, 1991. Furthermore, while his mother's illness might have excused compliance had it occurred on June 26, it does not shield Mr. Abady's refusal to comply with this Court's order in the weeks after June 26 and before the illness.

██ This Court notes, however, that another hearing is necessary in order to apportion responsibility for this award between defendants and Mr. Abady. The Second Circuit has cautioned that in awarding fees under Rule 37(b), district courts must take care to apportion the fees among the responsible parties. *See Boucher v. United States*, 804 F.2d 191, 193 (2d Cir. 1986) (per curiam); *Penthouse Int'l, Ltd. v. Playboy Enter., Inc.*, 663 F.2d 371, 392 (2d Cir.1981). For instance, in *Boucher*, the Second Circuit affirmed a Rule 37 sanctions award but remanded the case to the district court to apportion the sanctions given that the record indicated that the client, not the attorney, bore responsibility for failing to comply with the court's discovery order. *See Boucher*, 804 F.2d at 193.

Therefore, pursuant to Rule 37(b)(2), this Court awards plaintiff attorneys' fees and

other expenses incurred in connection with obtaining discovery from defendants and Mr. Abady. This Court will also schedule a hearing to determine an appropriate allocation of this sanction between defendants and Mr. Abady. In addition, Mr. Malina is directed to submit to this Court an affidavit of attorneys' fees and expenses, including those related to the above mentioned hearing, incurred due to defendants' and Mr. Abady's failure to provide discovery.

### B. 28 U.S.C. § 1927

■ In the alternative, Mr. Abady is liable for plaintiff's attorneys' fees and expenses incurred due to Mr. Abady's refusal to provide discovery. Section 1927 provides that "[a]ny attorney or other person ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 "is concerned only with limiting the abuse of court processes," especially the abuses connected with pre-trial discovery. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 & 757 n. 4, 100 S.Ct. 2455, 2462 & 2459 n. 4, 65 L.Ed.2d 488 (1980); *see also Apex Oil Co. v. Belcher Co.*, 855 F.2d 1009, 1019 (2d Cir.1988) (section 1927 applies to discovery abuses, and court affirmed award of attorneys' fees and costs against counsel that on three separate occasions failed to comply with reasonable requests for admissions, document production and identification of an expert).

■ "When Congress amended § 1927 in 1980 to include attorneys' fees among the category of expenses that a court might require an attorney to satisfy personally, it made clear that the purpose of the statute was to 'deter unnecessary delays in litigation.'" *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986) (quoting H.R.Rep. No. 1234, 96th Cong., 2d Sess. 8, *reprinted in* 1980 U.S.Code Cong. & Ad.News 2716, 2782), *cert. denied sub nom., County of Suffolk v. Graseck*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987)). Imposition of a sanction under § 1927 requires a "clear showing of bad faith." *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1010 (2d Cir.1986 (quoting *West Virginia v. Chas. Pfizer & Co.*, 440 F.2d 1079, 1092 (2d Cir.), *cert. denied sub nom., Cotler Drugs, Inc. v. Chas. Pfizer & Co.*, 404 U.S. 871, 92 S.Ct. 81, 30 L.Ed.2d 115 (1971)); *Brignoli v. Balch, Hardy & Scheinman*, No. 86 Civ. 4103, 1989 WL 146767, LEXIS 14190 (S.D.N.Y. Dec. 1, 1989).

■ "Like an award made pursuant to the court's inherent power, an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." *Oliveri*, 803 F.2d at 1273. The only significant difference between an award under section 1927 and an award under the court's inherent power is that awards under section 1927 are directed only against attorneys or others authorized to practice before courts. *Id.*

■ This Opinion already contains a lengthy examination of Mr. Abady's conduct in this action and repetition is unnecessary. Mr. Abady's cavalier and consistent disrespect for the discovery process and this Court's orders unnecessarily delayed the litigation, created litigation for plaintiff's counsel and this Court, and manifested a disregard of Mr. Abady's duties as an officer of the court. Mr. Abady's actions are "so completely without merit" that they justify the conclusion that he acted in bad faith for an improper purpose, such as delay. Accordingly, Mr. Abady is liable for plaintiff's attorneys' fees and other expenses incurred in an effort to obtain discovery.

### II. Coercive Remedies

■ Rule 37(b)(2)(D) authorizes courts to enforce discovery orders with contempt power. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30 & n. 17, 104 S.Ct. 2199, 2206 & n. 17, 81 L.Ed.2d 17 (1984). In addition, this Court has inherent power to enforce its orders upon pain of contempt. "A court's inherent power to hold a party in civil contempt may be exercised only when (1) the order the party allegedly

failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, (3) the party has not diligently attempted in a reasonable manner to comply." *New York State Nat'l Organ. for Women v. Terry*, 886 F.2d 1339, 1351 (2d Cir.1989); *see EEOC v. Local 638, Local 28 of Sheet Metal Workers' Int'l Ass'n*, 753 F.2d 1172, 1178 (2d Cir. 1985), *aff'd*, 478 U.S. 421, 106 S.Ct. 3019, 92 L.Ed.2d 344 (1986).

██ This Court's June 19, 1991 is clear and unambiguous. The order provides that "on or before June 26, 1991, defendants shall, without any objection, produce all the documents requested in Plaintiff's First Request to the Defendants for Production of Documents at the offices of plaintiff's counsel." Equally clear is Mr. Abady's willful failure to comply with this order and his refusal to provide any of the requested discovery until September 4, 1991. As previously noted, however, this September 4 production is inadequate and this Court does not find that it satisfies the June 19 order. Nor has Mr. Abady diligently attempted to provide discovery, either in accordance with this Court's June 19 order or in compliance with the discovery process. Instead, he has sought to evade being adjudged in contempt of this Court's June 19 order by providing a last minute, inadequate, flawed document production, after he had for months refused to respond to Mr. Malina's correspondence and phone calls concerning discovery. Accordingly, Mr. Abady is in contempt of this Court's June 19, 1991 order.

"A civil contempt sanction may ... serve either to coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Terry*, 886 F.2d at 1352; *see Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 56 (2d Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 71 (1982). "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *Terry*, 886 F.2d at 1353.

Defendants continued refusal to provide discovery threatens to preclude plaintiff from presenting a viable case. It frustrates plaintiff's efforts to adduce necessary proof and by delaying the litigation, exacts an increasing financial and emotional toll on plaintiff. Furthermore, the threat of a monetary sanction will probably result in compliance. This is not a case where the failure to produce discovery rests on ideological grounds or an inability to comply with this Court's order. Instead, Mr. Abady has simply refused to cooperate with the discovery process and has chosen to ignore this Court's order in the hope of delaying and frustrating plaintiff's suit. Such conduct may be deterred by the possibility of substantial daily fines for continued noncompliance. Finally, this Court will hold a hearing to determine the exact amount of this sanction based on Mr. Abady's financial resources, should he fail to comply with this Court's order.

## CONCLUSION

In addition, this Court awards plaintiff attorneys' fees and other expenses incurred in connection with obtaining discovery from defendants and Mr. Abady. This Court will schedule a hearing to determine an appropriate allocation of this sanction between defendants and Mr. Abady. Defendants and Mr. Abady, with their counsel, and Mr. Malina are directed to appear at this hearing. Furthermore, after this hearing, Mr. Malina is directed to submit to this Court an affidavit of attorneys' fees and expenses, including those related to the above mentioned hearing, incurred due to plaintiff's inability to obtain discovery.

In addition, Mr. Abady is adjudged in contempt of this Court's June 19, 1991 order. Mr. Abady is directed to comply with this Court's June 19, 1991 order within 72 hours of receiving a copy of this opinion and order. In addition, at the above mentioned hearing, this Court will determine

the amount of an appropriate coercive sanction. After this hearing, if Mr. Abady has still not produced discovery, this Court will impose this fine on a daily basis for each day Mr. Abady fails to comply with this order and this Court's June 19, 1991 order.

SO ORDERED.