Harris O. SCHOENBERG, Plaintiff,

v.

SHAPOLSKY PUBLISHERS, INC., Ian
Shapolsky and Steimatzky Publishing
of North America, Inc., Defendants.

No. 91 Civ. 0208(LAK).

United States District Court,
S.D. New York.

Feb. 27, 1996.

Bernard Malina, Malina & Wolson, New
York City, for Plaintiff.

Robert S. Meloni, New York City, for De-
fendants.

KAPLAN, District Judge.

Defendants' motion to dismiss for lack of
subject matter turns on whether a dispute
over a publishing contract arises under the
Copyright Act so as to give rise to federal
jurisdiction under 28 U.S.C. § 1338(a). This
motion is heard on remand from the Second
Circuit, which set forth a new three-part test
for assessing jurisdiction in these circum-
stances. *Schoenberg v. Shapolsky*, 971 F.2d
926 (2d Cir.1992). While opposing dismissal,
plaintiff seeks leave to amend his complaint
to add a claim for fraud in the inducement.

*Facts*

This action, which has a long history,[1] is a
conflict between plaintiff Harris Schoenberg,

---

1. Plaintiff commenced this action more than five
years ago, on January 19, 1991. Near the end of
1991, this Court imposed discovery sanctions on
defendants' former counsel. *Schoenberg v. Sha-*

*polsky*, 140 F.R.D. 282 (S.D.N.Y.1991). In con-
testing the discovery sanctions, counsel for de-
fendants argued that the district court lacked
subject matter jurisdiction. More than three

the author of a book entitled *A Mandate for Terror: The United Nations and the PLO,* and the defendants, who all were involved in a disputed contract to publish plaintiff's book. The disputed contract was signed by the plaintiff and the defendant Steimatzky Publishing of North America, Inc. ("Steimatzky Publishing") in July 1985. In 1987, before the book was published, defendant Shapolsky Publishing Inc. ("SPI") assumed all assets and liabilities of Steimatzky Publishing. Ian Shapolsky was the sole owner of Steimatzky Publishing and was the president and sole stockholder of SPI.

The July 1985 contract provided, *inter alia,* that Steimatzky obtained the exclusive right to publish worldwide for the term of the copyright in exchange for an advance and certain royalties based on the sale of the book. (*See* Shapolsky Decl. Ex. 4).

After a number of delays, the reasons for which are disputed and which are blamed by each side on the other, the book was published in 1989.[2] Plaintiff was aware that SPI, rather than Steimatzky Publishing, would be publishing his book, and he says that he agreed, albeit reluctantly, to the change. (Meloni Decl. Ex. 6, Steimatzky Dep., 2/7/95, at 41, 44–46).[3]

On January 9, 1991 plaintiff filed the present suit against the defendants. The complaint asserted three claims: breach of contract, inducing breach of contract by Mr. Shapolsky, and copyright infringement. More specifically, the breach of contract claim alleged that defendants failed to discharge their obligations by failing to publish the work in a timely manner, failing to promote the book, failing to register the copy-

right in plaintiff's name, failing to pay plaintiff's advance in a timely manner, and failing to pay royalties. (Cpt. ¶ 10). The copyright infringement claim asserted that defendants infringed plaintiff's copyright by breaching the contract and thereby publishing and selling plaintiff's work without his authority. (Cpt. ¶¶ 18–19).

Before filing the suit in January 1991, plaintiff did not place defendants on notice that he considered their contract terminated. Indeed, up until January 1991, plaintiff considered SPI to be his publisher, although, he says, he had expressed dissatisfaction about defendants' performance. (Meloni Decl., Ex. 6, Shapolsky Dep., 2/7/95 at 207–10).

*Discussion*

Courts long have held that not every case involving copyrights "aris[es] under" federal copyright laws, thereby establishing federal jurisdiction under 28 U.S.C. § 1338(a).[4] *See, e.g., T.B. Harms Co. v. Eliscu,* 339 F.2d 823 (2d Cir.1964), *cert. denied,* 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965); *Berger v. Simon & Schuster,* 631 F.Supp. 915, 917 (S.D.N.Y.1986). The issue of jurisdiction often comes into focus where a contract dispute is entwined with a claim of copyright violation. The Second Circuit, before remanding this case, set forth a three-part test in an effort to define better the analysis of subject matter jurisdiction in these instances.

*Schoenberg* asks a Court first to determine whether the claim of copyright infringement is only "incidental" to plaintiff's claim seeking a determination of contractual rights. If the copyright infringement claim is merely incidental, no jurisdiction exists

---

years ago, the Second Circuit, after determining that the district court had the authority to issue sanctions, nevertheless reversed those sanctions as a due process violation. At the same time, the Second Circuit set forth a new, three-part test for analyzing subject matter jurisdiction and remanded to this Court to hear defendants' motion to dismiss for lack of subject matter following the completion of discovery. *Schoenberg v. Shapolsky,* 971 F.2d 926 (2d Cir.1992).

2. According to the defendants, the book was published in January 1989, but the copyright registration initially filed by plaintiff states the book was published in September 1989.

3. Clause 25 of the contract made it binding upon the successors of Steimatzky Publishing upon written consent by plaintiff, but it did not require written consent for assignments to SPI's "affiliates." The complaint does not contest the validity of the assignment of rights from Steimatzky Publishing to SPI.

4. Section 1338(a) of Title 28 of the United States Code provides in relevant part that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to ... copyrights.... Such jurisdiction shall be exclusive of the courts of the states in ... copyright cases."

and the analysis ends. If the infringement claim is more than incidental, the court should determine whether the claim alleges a breach of a condition.[5] If the complaint alleges a breach of condition, the court has subject matter jurisdiction. If not, the court must examine whether a breach of covenant is alleged. If a breach of covenant is asserted, the court has jurisdiction if the alleged breach is so material as to create a right of rescission. *Schoenberg*, 971 F.2d at 932.

*Incidental Infringement*

It is difficult to imagine a case that illustrates better than this one a situation in which the claimed infringement is only incidental to the contract dispute. This is so for three principal reasons.

First, the resolution of the infringement claim follows automatically from the resolution of the breach of contract and inducing breach of contract claims: once the contractual rights and duties of the parties are resolved, the Court will not be required to assess independently whether any infringement occurred. This rationale played a significant factor in a case in which a district court found, on similar facts, that a plaintiff's infringement claim was incidental within the meaning of *Schoenberg*. *Living Music Records, Inc. v. Moss Music Group, Inc.*, 827 F.Supp. 974, 979, 980–81 (S.D.N.Y.1993) (action for infringement in connection with alleged breach of contract by defendant for failure to pay royalties and carry out market-

ing responsibilities was incidental to contract dispute) (citing *Berger*, 631 F.Supp. at 917)).

Second, the failure of the plaintiff to provide defendants with any notice of termination of the contract—other than act of filing suit in January 1991—further undercuts the claim that the action is directed at an infringing use.[6] This case thus stands in marked contrast to *CBS Catalogue Partnership v. CBS/Fox Co.*, 668 F.Supp. 282, 284–85 (S.D.N.Y.1987), where the court found that the action was more than incidentally directed against an offending use because the plaintiff had notified the defendant of infringing activity but the defendant allegedly refused to desist before the complaint was filed.

Third, resolving plaintiff's claim will not require the Court to construe any aspect of the Copyright Act or to apply distinctly federal principles. Instead, the disposition rests almost entirely on questions of fact and state contract law.[7] *Cf. T.B. Harms*, 339 F.2d at 827, 828.

*Proposed Amended Complaint*

Plaintiff, in an effort to remain in this forum, seeks to amend to assert a claim of fraud in the inducement. The proposed claim is that Steimatzky Publishers falsely represented that it was an authorized representative of Steimatzky, Ltd., a highly regarded publisher in the field of Judaica, and thereby falsely induced plaintiff to enter into the disputed agreement. The motion is denied in light of the prejudice to the defendants, the lapse of time since this action

**5.** On the basis of *Schoenberg's* citation of *Costello Publishing v. Rotelle*, 670 F.2d 1035 n. 15 (D.C.Cir.1981), it appears that the term condition means "any fact or event which qualifies a duty to perform."

**6.** Indeed, during oral argument, counsel for plaintiff conceded that up until the time the complaint was served on defendant, this dispute was "strictly a contract case." (Tr. Nov. 22, 1995 at 30–31) [hereinafter Tr.] As it is well settled that jurisdiction is determined at the time of the filing of the complaint, *see, e.g., F. Alderete General Contractors, Inc. v. United States*, 715 F.2d 1476, 1480 (Fed.Cir.1983), plaintiff in effect conceded that jurisdiction is lacking.

**7.** Plaintiff unprofitably attempts to assert that disputes exist about whether original ownership

of the work rests with plaintiff and whether the subject matter is copyrightable, both questions that require interpretation of Copyright Act. This argument is based purely on the defendants' general denials to paragraphs 16 through 18 of the complaint, which contain compound allegations. (*See* Pl's Mem. In Opp. to Defs' Mot. To Dismiss 3–4; Tr. 23). Plaintiff's argument is frivolous. Although defendants could have explained their denials with greater particularity in the answer, they have repeatedly indicated that they do not dispute that original ownership rests with plaintiff. (*See, e.g.,* Def's Opp. 18–20; Tr. 19). It is defendants' position that plaintiff, as the original owner, validly assigned the copyright to Steimatzky. Indeed, it would be illogical for the defendants to deny that the work is copyrightable and that plaintiff is the original owner, as their defense flows from these suppositions.

began, and the futility of the proposed amendment.

The fraudulent inducement claim relates to events that occurred more than ten years ago, and the action in which plaintiff seeks to include it has lingered in the courts already for more than five years, partly because of bitter discovery disputes. In these circumstances, the passage of time and likelihood of prejudice to defendants from injecting a new claim is simply too great. *Cf., Zahra v. Town of Southold,* 48 F.3d 674, 686 (2d Cir. 1995); *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir.1994); *Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985); *see also Tenneco Resins, Inc. v. Reeves Bros., Inc.,* 752 F.2d 630, 634 (Fed. Cir.1985) ("[T]he risk of prejudice increases with the passage of time") (citing CHARLES ALAN WRIGHT ET ANO., FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1488 at 439 (1971)).

Alternatively, and certainly in combination with the likely prejudice and lapse of time, plaintiff's motion to amend the complaint is denied because it is futile. *See generally Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir.1994) (futility is sufficient grounds to deny leave to amend complaint). Even if plaintiff had pleaded fraud in the inducement in the first instance, summary judgment would be appropriate under the first prong of *Schoenberg.* The ultimate resolution of the fraud claim would turn on the facts and local law. *Cf. T.B. Harms,* 339 F.2d at 828. Its consideration would not transform the incidental nature of plaintiff's copyright claim. The copyright claim in any event would rise or fall on the validity of the state contract and fraud claims without need to construe any aspects of the Copyright Act. *Cf. Living Music Records,* 827 F.Supp. at 980–81. Adding the fraud claim would not cure the lack of federal court jurisdiction to hear the present complaint. Both the current breach of contract and inducing breach of contract claims and the proposed fraud in the inducement claim underscore that the action is predominantly a contract dispute governed by state law and belonging in state court.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss for lack of subject matter jurisdiction is granted and plaintiff's motion to amend the complaint is denied.

SO ORDERED.